(92 South. 899)

## BLACKWOOD v. ONEONTA TRUST & BANKING CO. (6 Div. 623.)

(Supreme Court of Alabama. ' April 13, 1922.)

**1. Account stated ⟜20(1)—General charge for defendant properly refused.**

Refusal of defendant's general charge as to count on a stated account was proper, where a witness for plaintiff testified that defendant admitted the account, less a credit for a certain item.

**2. Principal and agent ⟜78(1)—Agent liable to principal for money collected.**

If agent sold property for principal, and collected for same, and failed to turn it over to the principal, he was liable to the principal as for money had and received for such sums.

**3. Banks and banking ⟜227(2)—Statement from bank held relevant, in action by bank against its agent.**

In action by bank against one claimed to have sold property for it as agent, for moneys received from such sale, in which defendant claimed to have turned over to the bank all notes and proceeds of the sale, a statement from the bank was relevant to show the status of defendant's bank account, and whether or not the bank had gotten the benefit of these items on defendant's individual account, or whether they were applied to a copartnership debt, or whether they were received at all.

Appeal from Circuit Court, Blount County; W. J. Martin, Judge.

Assumpsit by the Oneonta Trust & Banking Company against D. R. Blackwood. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

The first count was for money had and received; the second count was upon an account stated; the third count was as follows:

The plaintiff claims of the defendant the sum of $1,000 for the purchase money of six mules and four horses, the personal property of plaintiff.

The controversy seems to have arisen over a sale of certain mules at a bankrupt sale under mortgages held by the plaintiff. It appears that Blackwood was acting for the bank in collecting on the mules and horses under the mortgage, and that he kept and fed them for various lengths of time, and that when the sale took place Mr. Blackwood became the purchaser of several of the mules and horses; the bank contending that he bought them for his personal account, and Blackwood contending that he bought them for the bank. There was testimony tending to show that the property was delivered to him by the bank at an agreed purchase price, which had not been paid. There was another line of testimony tending to show that the property was delivered to Blackwood by the bank as agent for him to sell, to trade, or otherwise dispose of the property, he to account to the bank for the price received, less the expenses of handling and caring for said stock. The president of the bank, Davidson, testified that in the summer of 1917 he went over the bill of sale with Mr. Blackwood, and that Mr. Blackwood said that he owed the amounts, less the feed bills.

Ward, Nash & Fendley, of Oneonta, for appellant.

The evidence did not justify the recovery on any count except the third, and that clearly did not state a cause of action. 132 Ala. 235, 31 South. 512. Counsel discuss other assignments, but without further citation of authority.

Russell & Johnson, of Oneonta, for appellee.

There was evidence to sustain the first and second counts. 89 Ala. 619, 7 South. 246; 72 Ala. 142. Count 3 was good as against a general demurrer. Section 5340, Code 1907; 58 Ala. 570; 52 Ala. 528.

ANDERSON, C. J. The first assignment of error refers to action in overruling a demurrer to "amended count 3," and the only demurrer found in the record is to count 3 "as amended." We find no amended count 3 in the record, and we find no ruling as to count 3 "as amended." We may add, however, that count 3, as found in the record, whether subject to a specific ground of demurrer, did not fail to state a cause of action, so as to render it subject to the general ground of demurrer interposed.

[1, 2] The trial court did not err in refusing the defendant's general charge as to the count upon a stated account or the one for money had and received. Davidson testified that defendant admitted the account, less a credit for a feed bill. There was also evidence that the defendant bid in the stock for the plaintiff, and subsequently sold some of it for the plaintiff, and if he collected for same and failed to turn it over to the plaintiff, he was liable as for money had

and received for such sums so collected and not turned over to the plaintiff.

[3] As to the statement from the bank, it is questionable as to whether or not this point is so argued in brief of counsel as to amount to an insistence under the rule; but it was not subject to the only objection suggested in brief against same, as defendant claimed to have turned over to the bank all notes and proceeds for stock sold by him, which he bid in for plaintiff, and it was relevant and competent to show the status of his bank account, and whether or not the bank had gotten the benefit of these items on defendant's individual account,. or whether they were applied to the copartnership debt, or whether or not they were received at all.

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.